IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILIENE DIVISION

| | | |
|---|---|---|
| **BRADNEY JEAN-BAPTISTE** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 1:25-cv-214** |
| | § | |
| **HENDRICK HEALTH--** | § | |
| **HENDRICK MEDICAL CENTER** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

---

**PLAINTIFF, BRADNEY JEAN-BAPTISTE'S, ORIGINAL COMPLAINT AND JURY DEMAND**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF, **BRADNEY JEAN-BAPTISTE**, (hereinafter, sometimes referenced as "Plaintiff" or BAPTISTE by and through his undersigned attorney of record, and, in accordance with the Federal Rules of Civil Procedure, files this, his *Original Complaint* against **HENDRICK HEALTH--HENDERICK HEALTH CENTER)**, (hereinafter, sometimes referenced as "Defendant" or "HENDRICK"), for cause of action, **BRADNEY JEAN-BAPTISTE** would show unto the Court the following:

**I.**

**SUMMARY/ STATEMENT OF THE CASE**

1. Plaintiff's suit arises under the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 621 *et seq.* pursuant to 29 U.S.C §629. Plaintiff suit furthimarises under the Americans with Disabilities Act of 1990, As Amended. Plaintiff filed an U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC")

2. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant for discrimination suffered on the basis of, age, race and color, disability, retaliation and hostile work environment under the Age in Employment Discrimination Act of 1976, Title VII of the Civil Rights Act of 1964 and American Disabilities Act violations.

3. On July 17, 2025, the EEOC provided a Right to Sue Letter to plaintiff. Plaintiff has filed his lawsuit within the ninety (90) day statute of limitations deadline.

## II.

### PARTIES

4. Plaintiff, **BRADNEY JEAN-BAPTISTE**, is an individual, that is citizen of the State of Texas.

5. Defendant, **HENDRICK HEALTH**—HENDRICK MEDICAL CENTER is a healthcare business in City of Abilene, Texas County, Texas which may be served by delivering a copy of the summons and of the complaint to **HENDRICK HEALTH—**HENDRICK MEDICAL CENTER, Attn Brad Holland, CEO at 1900 Pine St, Abilene, TX 79601 or wherever it may be served.

### III.

## JURISDICTION AND VENUE

6. Venue is proper Taylor County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state or concurrent jurisdiction with in the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. § 1391(b), The Court has subject matter jurisdiction under 28 U.S.C. §1331 because this civil action arises under the Constitution, laws, or treaties of the United States and the State of Texas; specifically, but not limited to, Title VI of the Civil Rights Act of 1964,the American Disabilities Act, and othimfederal statutes

7. On or about October 6, 2023, and within 180 days after Defendant's discriminatory acts **BRADNEY JEAN-BAPTISTE** timely filed a Charge of Discrimination against Defendant, **HEDRICK HEALTH** with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and identified as charge number: 451-2024-00090[1].

8. On or about July 17, 2025, **BRADNEY JEAN-BAPTISTE** received Dismissal and Notice of Rights[2] (NOTICE) providing him the right to File a Civil Action.

9. By filing a Charge of Discrimination, receiving his EEOC Right to Sue Notice , and filing suit within ninety (90) days of receiving his Notice, Plaintiff, has complied with all conditions precedent and exhausted all applicable administrative remedies required by the Federal and State law.

---

[1] *See*, Charge of Discrimination, attached and incorporated herein by reference as Exhibit No. "1"
[2] *See*, EEOC Dismissal and Notice of Rights, attached and incorporated herein by reference as Exhibit No. "2"

## IV.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff timely filed a charge of discrimination against defendant with the United States Equal Employment Opportunity Commission (EEOC) and equivalent state agencies alleging, race, sex, retaliation, and violations of the American Disabilities Act (ADA). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC Law and the Texas Labor Code prior to filing suit.

## V.

**FACTS/FACTUAL ALLEGATIONSTHE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF ATTACHED HEREIN: TO INCLUDE BUT NOT LIMITED TO: CLAIMMANT AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC CHARGE 451-2024-00090 BY OR THROUGH CLAIMANT OR RESPONDENT.**
**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED IN THE AFFIDAVIT OF BRADNEY JEAN-BAPTISTE ATTACHED AND INCORPORATED HEREIN[3]**

11.     Plaintiff believes he has been personally discriminated against by Defendant, Hendrick. As he has received continuous harassment and retaliated against because of his race, color, sex, and discrimination based learning and mental disability and further retaliated against him even though he requested that the Defendant provide reasonable accommodations  These actions continued in a systematic in a continuing manner until he was wrongfully terminated by HENDRICK who has utilized used pretextual reasons to fire him ..

---

[3] [3] *See,* See Affidavit of Bradney Jean-Baptiste, attached and incorporated herein by reference as Exhibit No. "3"

12.     On or about January 3, 2022, the plaintiff was hired at the Hendrick Health Center as a practical nurse. Plaintiff was to receive one hundred and sixty-eight (168) hours of training at the hospital before working on my own; instead, Plaintiff received only two (2) hours of training before he was made to work on my own. "On or about February 14, 2023, Plaintiff received a Disciplinary Warning from my supervisor Jennifer Solis, RN. Before working on his own Plaintiff was to receive 168 hours of training at the hospital. He only received two (2) hours of training before I was expected to work on my own. Plaintiff has received social security disability in the State of Texas since December of 2015 for a mental disability and feel that I have not had the proper accommodations to be able to do my job to the best of my abilities. I have brought up my disabilities to both of my supervisors, Jennifer Solis and Shawnae Cleveland, with no offer of accommodation from either of them or instruction on how to go about asking for proper accommodations, who had obtained a Certified Nursing Assistant (CNA).

13.     Plaintiff, **BRADNEY JEAN-BAPTISTE** has dyslexia and mild mental retardation which requires reasonable accommodations under the American Disabilities Act (ADA).  Plaintiff has received Social Security Disability (SSN) since December 2015, in which the Defendant was in fact aware of since hiring. Defendant even at the time of hiring was aware of a Work Opportunity Tax Credit.  Plaintiff disabilities require assistance with reading comprehension and often needs questions read to him and more time to properly answer the question.

14.     Plaintiff requested a reasonable accommodation and nothing was done to provide a reasonable accommodation.  Plaintiff requires assistance with reading comprehension and often needs questions read to him and more time to properly answer the question. Plaintiff specifically

requested a reasonable accommodation and brought up his disabilities to both of my supervisors, Jennifer Solis and Shawnae Cleveland; Neither them offered a reasonable accommodation from eithimor instruction on how to go about asking for proper accommodations.

15. Instead on or about February 14, 2023, Plaintiff received a Disciplinary Warning from his supervisor, Jennifer Solis, RN. On August 7, 2023, Defendant received another Disciplinary Action relating to an incident on August 1, 20233 containing small complaints from colleagues who had not complained before but were all interrogated to make complaints against Plaintiff. These actions began creating a hostile work environment and especially when discussed with my fellow co-workers, including my disabilities. Further, Plaintiff was made to feel awkward as a male, being American of African Descent, and over the age of forty (40) at time of his employment.

16. On August 24, 2023, Plaintiff was suspended from work, and his work badge was taken away from him when he was purportedly accused of asking his wife to complete an online assignment for him . Because of Plaintiff's learning disability (dyslexia), it makes reading difficult for me, so his wife was in the room with him, off the clock, to assist him with his reading comprehension. Plaintiff had stepped out of the room to accept a phone call while his wife waited for him. While the plaintiff was away my manager Shawnae Cleveland came into the computer room to check if plaintiff was doing his work. He stated that he asked Plaintiff's wife if he was doing the work for him and my wife informed himthat he was assisting plaintiff with the reading. Plaintiff was later called and told he was being terminated from his job for having his wife do his work while he was away from his computer. Shawnae Cleveland had no proof that Plaintiff had instructed his wife to do his work, nor did he have any proof that work was being

done while he was away from his desk and E-lesson. Plaintiff attempted to point out these discrepancies in his assessment; the plaintiff was told that they would conduct an investigation into the matter and check to see if my E-lesson was being done while he was not at the computer.

17.     On September 13, 2023, Plaintiff was informed by April Tyler that he had spoken to the Vice President, Courtney Head and they decided to terminate his employment for unprofessional behavior on the grounds that he asked my wife to do his E-lessons for him. At no point did the Defendant perform an investigation or provide documentation that Plaintiff had his wife completing his E-Lessons. Defendant instead sabotaged Plaintiff at his job for being a man in a mostly female work environment (sex); American of African Descent (race), black (color) and disabilities leading to retaliation and wrongful termination.

V.

**CAUSES OF ACTION**

**FACTS / FACTUAL BACKGROUND AND ALLEGATIONS THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF ATTACHED HEREIN; TO INCLUDE BUT NOT LIMITED TO: CLAIMANT AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC CHARGE 451-2024-00090 BY OR THROUGH PLAINTIFF OR DEFENDANTS.**

Title VII prohibits employment discrimination against an individual based on sex, race, disability or color. 42 U.S.C.A. § 2000e-2(a)(1). A plaintiff may establish a *prima facie* case of discrimination by presenting direct evidence of discrimination or by relying on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis. *Watson v. Esper*, 793 F.App'x 277, 279 (5th Cir. 2019). The first step of the *McDonnell Douglas* burden-shifting analysis

requires that Plaintiff show a *prima facie* case of discrimination of demonstrating that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her[his] protected group or was treated less favorably than other similarly situated employees outside the protected group. Here in this matter plaintiff has alleged that he is a person over the age over the age of 40 years, a black male.  Plaintiff was qualified for the position as the certified nursing assistant and retaliated against and was wrongfully discharged from his employment by defendant after being employed one (1) year, eight (8) months, and ten (10) days.

A.   FACTS OF DEFENDANTS'S DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF UNDER TITLE VII.

18.   Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute. At the time of filing his Charge of Discrimination Mr. Jean-Baptiste was over the age of forty (40) years old, male of African descent. Plaintiff's job title began as certified nurse assistant (CNA where he remained until his termination on September 13, 2023. **BRADNEY JEAN-BAPTISTE** worked for Defendants for one (1) year, eight (8) months, and ten (10) days at at the time when he was wrongfully terminated.

19.   Defendant is an employer within the meaning of Title VII. Defendant also has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Additionally, the Defendant has more than one- hundred (100) employees.

20.     Plaintiff by and through himfacts section of this his Original Petition and attached affidavit (Exhibit No. 3) to his EEOC charge of discrimination (Exhibit No. 1), plaintiff, **BRADNEY JEAN-BAPTISTE** pleads a prima facie case of race discrimination and contends: To establish a prima facie case of race-based employment discrimination, the Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position; (3) an adverse employment action occurred; (4) the employer gave preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances.

21.     By and through his Original Petition, **BRADNEY JEAN-BAPTISTE** pleads a prima facie case of race discrimination and contends:

   a)   that he is of African Decent, Male, Black in color, and disabled and a therefore a protected class member;

   b) that he was qualified for the positions he held and held that position for one (1) year, eight (8) months, and ten (10) days;

   c)   that he was terminated from a position for which he was otherwise qualified; and

   c)   members outside of his protected class were treated more favorably.


22.     Plaintiff's supervisors are empowered by Defendant to take tangible employment actions against plaintiff. As senior supervisors, the Defendant's employees exercised supervisory authority over Plaintiff, to include but not limited to 1) the authority to fire plaintiff 2) the authority to reassign plaintiff to a position with significantly different

responsibilities, the authority to significantly alter plaintiff's benefits. Defendant's employees ultimately did those very things by denying the plaintiff advancement, reassigning him to lesser positions, and creating a hostile work environment which leads to the ultimate termination of Plaintiff.

23. Defendant's supervisor gave preferential treatment to persons under the age of Forty (40) who work as CNA in the Hendrick Health System and Defendant did intentionally discriminated against Plaintiff because of his race, color, sex and disability in violation of Title VII by defendants, by giving inconsistent instructions to confuse Plaintiff, issuing reprimands discriminatorily, taking away Plaintiff's duties and practicing acts of a discriminatory nature and intended to cause the plaintiff to be terminated from his position.

24. Defendants are vicariously liable for Defendants' employee's discriminatory conduct. Defendants did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct such internal reporting through his employer.

25. By and through his Original Petition, Plaintiff pleads a prima facie case of retaliation and contends that he engaged in protected conduct and opposed unlawful conduct; that he was terminated; and a causal connection exists between his protected conduct and his termination.

26. Defendants used the following discriminatory employment practices, policies, and rules in violation of Title VII:  Plaintiff's chain of command failed to abide not only Defendants own Human Resources Policy and Procedure for accommodation and

discrimination but also dismissed other rules for hiring or employment actions. Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of plaintiff's race, color, gender, age and disability.

27. Defendants and defendants' employees created a hostile work environment through its discriminatory words and actions towards plaintiff because of plaintiff's sex, race, age and retaliatory practices. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance and thereby created an intimidating, hostile, and offensive work environment.

B.     FACTUAL BACKGROUND FOR AGE DISCRIMINATION AND RETALIATION DISCRIMINATION CLAIMS

28. The pattern of age Discrimination and Retaliation Discrimination is unmistakable. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute at the time of his filing a Charge of Discrimination.

D.     AGE DISCRIMINATION

29. By and through his Original Petition, **BRADNEY JEAN-BAPTISTE** pleads a prima facie case of age discrimination and contends:

    a. that he is over 40 years of age and a member of a protected class;

    b. that he was qualified for the positions he held;

    c. that he was discharged from positions for which he was otherwise qualified to hold; and

    d.    that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age.

30.    By and through his Original Petition, **BRADNEY JEAN-BAPTISTE** pleads a prima facie case of age discrimination and contends (1). that he is over 40 years of age and a member of a protected class; (2). that he was qualified for the positions he held; (3). that he was discharged (or suffered other adverse employment action from positions for which he was otherwise qualified to hold; and (4). that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age.

31.    Plaintiff, BRADNEY JEAN-BAPTISTE by and through Plaintiff's Affidavit attached hereto this pleading as Exhibit No. 3, has asserted, he is a male, and is over Forty (40) years of age making plaintiff a protected class.  See, Affidavit attached and incorporated herein as "Exhibit No. 3".

32.    Plaintiff has asserted that he was qualified for the positions he held and had work experience for the work that plaintiff found within the company before wrongfully terminated by the defendants. Plaintiff had countless employment opportunities within the company but was passed over for a position for which he was otherwise qualified; and he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action.

33.    Younger members outside of his protected class were treated more favorably even though they had less seniority, were provided and/or issued new or better equipment, more training opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications. Defendants hired an individual,



male Hispanic under forty (40) years of age who was in younger than Plaintiff and for lower pay than the Plaintiff.

E.  Hostile Work Environment/Constructive Discharge

34.  Defendant created a hostile work environment in its words and actions of a supervisor, manager or coworker which negatively or severely impacted the Plaintiff's work ability to complete his work. In order to establish a hostile work-environment claim, a PLAINTIFF must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on [the protected class]; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Id. (citing *Hepherd v. Comptroller of Pub. Accounts of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999) (footnote omitted)). Here, in this cause, Plaintiff is a male, and his age is over forty. The Plaintiff was subject to unwelcome harassment at the hands of Defendant. The harassment caused him demotion and forced retirement. The employer knew of the discriminatory action but failed to take action.

D.  DISABILITY DISCRIMINATION

35.  Plaintiff is a qualified individual with a disability under the ADA, the ADAAA, FFCRA and under Chapter 21 of the Texas Labor Code, in that he was at one time, while employed with the Defendants diagnosed with a disability. Although he was a qualified individual under the applicable statutes protecting disabled employees, he was subjected to discrimination within the meaning the applicable statutes, because of his disability.

36. Alternatively, the Plaintiff was regarded as having a disability by the Defendants. The ADAAA fundamentally changed the "regarded as" disability standard. Under the ADAAA, the employee will meet the test if he or he is subjected to a prohibited act because of an actual or a perceived physical or mental impairment whether or not the impairment actually limits or is perceived to limit a major life activity. The defendants perceived the plaintiff as having an impairment and discriminated against him on that basis.

37. Under the ADA and the ADAAA,

38. Each of the acts of discrimination by the DEFENDANTS caused PLAINTIFF to suffer actual damages for which he now brings suit.

39. Plaintiff can prove (1) he had a disability covered by the ADA, (2) that he was a "qualified individual" who can perform the "essential functions" of his job, with or without reasonable accommodation; (3) Defendant knew about his disability and its limitations; (4) Defendant failed to provide a "reasonable accommodation" to your known limitations; and (5). The requested accommodation did not pose an "undue hardship" on the employer's operations.

40. Plaintiff, BRADNEY JEAN-BAPTISTE has dyslexia and mild mental retardation which requires reasonable accommodations under the American Disabilities Act (ADA). Plaintiff has received Social Security Disability (SSN) since December 2015, in which the Defendant was in fact aware of since hiring. Defendant even at the time of hiring was aware of a Work Opportunity Tax Credit. Plaintiff disabilities require assistance with reading comprehension and often needs questions read to him and more time to properly answer the question.

41. Plaintiff requested a reasonable accommodation and nothing was done to provide a reasonable accommodation. Plaintiff requires assistance with reading comprehension and often

needs questions read to him and more time to properly answer the question. Plaintiff specifically requested a reasonable accommodation and brought up his disabilities to both of my supervisors, Jennifer Solis and Shawnae Cleveland; Neither of them offered a reasonable accommodation from either or instruction on how to go about asking for proper accommodations.

42.     Instead on or about February 14, 2023, Plaintiff received a Disciplinary Warning from his supervisor, Jennifer Solis, RN.  On August 7, 2023, Defendant received another Disciplinary Action relating to an incident on August 1, 20233 containing small complaints from colleagues who had not complained before but were all interrogated to make complaints against Plaintiff. These actions began creating a hostile work environment and especially when discussed with my fellow co-workers, including my disabilities.  Further, Plaintiff was made to feel awkward as a male, being American of African Descent, and over the age of forty (40) at time of his employment.

43.     On August 24, 2023, Plaintiff was suspended from work, and his work badge was taken away from him when he was purportedly accused of asking his wife to complete an online assignment for him . Because of Plaintiff's learning disability (dyslexia), it makes reading difficult for me, so his wife was in the room with him, off the clock, to assist him with his reading comprehension. Plaintiff had stepped out of the room to accept a phone call while his wife waited for him. While the plaintiff was away my manager Shawnae Cleveland came into the computer room to check if plaintiff was doing his work. He stated that he asked Plaintiff's wife if he was doing the work for him and my wife informed himthat he was assisting plaintiff with the reading. Plaintiff was later called and told he was being terminated from his job for having his wife do his work while he was away from his computer.  Shawnae Cleveland had no proof that

Plaintiff had instructed his wife to do his work, nor did he have any proof that work was being done while he was away from his desk and E-lesson. Plaintiff attempted to point out these discrepancies in his assessment; the plaintiff was told that they would conduct an investigation into the matter and check to see if my E-lesson was being done while he was not at the computer.

44.     On September 13, 2023, Plaintiff was informed by April Tyler that he had spoken to the Vice President, Courtney Head and they decided to terminate his employment for unprofessional behavior on the grounds that he asked my wife to do his E-lessons for him. At no point did the Defendant perform an investigation or provide documentation that Plaintiff had his wife completing his E-Lessons. Defendant instead sabotaged Plaintiff at his job for being a man in a mostly female work environment (sex); American of African Descent (race), black (color) and disabilities leading to retaliation and wrongful termination.

E.      WRONGFUL TERMINATION

45.     Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Wrongful termination occurs when an employer fires an employee in violation of anti-discrimination laws, labor laws, or for exercising their legal rights. This means that an employer cannot terminate an employee based on discriminatory factors such as race, religion, gender, age, disability, or for reporting illegal activities. Wrongful termination laws are in place to prevent employers from engaging in unfair practices and to provide employees with legal recourse in case of unjust dismissal. Plaintiff was terminated due to his age and retaliatory practices by defendant, Bexar

County. Because of the severity of the hostile work environment Plaintiff became physically and emotionally unwell and claims to be suffering from physical trauma, clinical depression, anxiety, anxiousness, traumatic stress, and sleep depression. Ms. Gonzalez has had to go on leave and after the wrongful termination he has been unable to secure new employment

## VII.

## DAMAGES

46. As a direct and proximate result of Defendants' conduct, plaintiff suffered the following injuries and damages in a sum within the jurisdictional limits of this court, including but not limited to:

    a. Plaintiff is derailed and blacklisted from future promotions resulting in actual damages in the form of lost wages in the past, loss of increases in future pay, lost promotions, loss of seniority, and lost benefits in the past and lost benefits in the future;

    b. Plaintiff has also suffered compensatory damages in the form of significant cost of the behavioral healthcare which he has had to incur and will continue to incur. There is the financial loss of past and future promotions in the current workplace. There is the loss of future pension proceeds in the event that he ever had to leave the employee of defendants because Plaintiff's situation becomes unbearable or untenable, in which case plaintiff will suffer loss of himretirement/pension benefits that match made by defendants into himretirement system pension plan and or 401K.

c. Plaintiff seeks compensation for all damages, which include: loss of promotion; loss of seniority; loss of pension contributions commensurate with the his salaries; loss of seniority; loss of future earning raises, including loss of Social Security or other retirement benefits from lost match contributions and benefits.

d. Plaintiff has suffered mental anguish and emotional distress for which he sues.

e. Reasonable attorney's fees, costs, and expenses of this action, including expert witness costs;

f  Pre-judgment and post-judgment interest at the highest rates allowed by law;

g. Plaintiff seeks damages in an amount that is within jurisdictional limits of court; and;

i. Such other ad further relief, at law or in equity, as this Honorable Court may find proper.

## VII.
## ATTORNEY FEES AND COSTS

47.  Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## XIII.
## PRAYER

48.  For these reasons, Plaintiff asks for judgment against Defendants for the following:

a. Affirmative action to hire, reinstate, or promote Plaintiff

b. Back pay;

c. Front pay;

    d. Compensatory damages;

    e. Prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees;

    f. Reasonable attorney fees;

    g. Costs of suit;

Respectfully submitted,

*Law Offices of:*
**THE JAKOB LAW FIRM, P.C.**
THE NAYLOR HOUSE
1919 San Pedro Ave.
San Antonio, Texas 78211
Tel.: (210) 226-4500
Fax: (210) 226-4502
Email: jjakob@thejakoblaw.com
By: */s/ Jason J. Jakob*
**JASON J. JAKOB, ESQ.**
State Bar No.: 24042933
Email: jjakob@thejakoblaw.com
Attorney for Plaintiff,

PLAINTIFF REQUESTS TRIAL BY JURY

State Bar No. 24041692
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Phone: (210) 335-0785
Fax: (210) 335-2773
robert.piatt@bexar.org
sbowen@bexar.org
**ATTORNEYS FOR DEFENDANT,**
**BEXAR COUNTY, TEXAS**

By: _/s/ Jason J. Jakob_____

Jason J. Jakob, Esq.